# Exhibit A

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

```
┌──────────────────────────────┐
│      FILED/ENDORSED           │
│                              │
│        NOV 12 2020           │
│                              │
│  By: ___K. Johnson_____    │
│           Deputy Clerk        │
└──────────────────────────────┘
```

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SACRAMENTO**

10  MARK LUNA, an individual, on behalf of      Case No. **34-2020-00288817**
    himself and on behalf of all persons similarly
11  situated,                                    **CLASS ACTION COMPLAINT FOR:**

12                        Plaintiff,            1. UNFAIR COMPETITION IN VIOLATION OF
                                                CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
13  vs.                                         2. FAILURE TO PAY OVERTIME WAGES IN
                                                VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;
14  PENSKE LOGISTICS LLC, a Limited             3. FAILURE TO PAY MINIMUM WAGES IN
    Liability Company; and Does 1 through 50,   VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 &
15  Inclusive,                                  1197.1;
                                                4. FAILURE TO PROVIDE REQUIRED MEAL
16                        Defendants.           PERIODS IN VIOLATION OF CAL. LAB. CODE §§
                                                226.7 & 512 AND THE APPLICABLE IWC WAGE
17                                              ORDER;
                                                5. FAILURE TO PROVIDE REQUIRED REST
18                                              PERIODS IN VIOLATION OF CAL. LAB. CODE §§
                                                226.7 & 512 AND THE APPLICABLE IWC WAGE
19                                              ORDER;
                                                6. FAILURE TO PROVIDE ACCURATE
20                                              ITEMIZED STATEMENTS IN VIOLATION OF
                                                CAL. LAB. CODE § 226;
21                                              7. FAILURE TO REIMBURSE EMPLOYEES FOR
                                                REQUIRED EXPENSES IN VIOLATION OF CAL.
22                                              LAB. CODE § 2802;
                                                8. FAILURE TO PROVIDE WAGES WHEN DUE
23                                              IN VIOLATION OF CAL. LAB. CODE §§ 201, 202
                                                AND 203; and,
24                                              9.WRONGFUL TERMINATION IN VIOLATION OF
                                                PUBLIC POLICY.
25
                                                BY FAX
26
                                                **DEMAND FOR A JURY TRIAL**
27

28                                      1
                            CLASS ACTION COMPLAINT

Plaintiff Mark Luna ("PLAINTIFF"), individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.     Defendant Penske Logistics LLC ("DEFENDANT") is a limited liability company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     DEFENDANT is a transportation solutions company.

3.     PLAINTIFF was employed by DEFENDANT in California from January of 2020 to September of 2020 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.   PLAINTIFF and the other members of the

2

1   CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

2   future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS

3   who have been economically injured by DEFENDANT's past and current unlawful conduct,

4   and all other appropriate legal and equitable relief.

5        6.      The true names and capacities, whether individual, corporate, subsidiary,

6   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

7   unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

8   to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege

9   the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

10  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

11  the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are

12  responsible in some manner for one or more of the events and happenings that proximately

13  caused the injuries and damages hereinafter alleged.

14       7.      The agents, servants and/or employees of the Defendants and each of them acting

15  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

16  agent, servant and/or employee of the Defendants, and personally participated in the conduct

17  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

18  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

19  all Defendants are jointly and severally liable to PLAINTIFF and the other members of the

20  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

21  Defendants' agents, servants and/or employees.

22

23                              **THE CONDUCT**

24       8.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

25  record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

26  of time these employees work. Pursuant to the Industrial Welfare Commission Wage Orders,

27  DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

28

                                  3
                        CLASS ACTION COMPLAINT

1    all time worked, meaning the time during which an employee was subject to the control of an
2    employer, including all the time the employee was permitted or suffered to permit this work.
3    DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the
4    clock without paying them for all the time they were under DEFENDANT's control.

5        9.      Specifically, during the CALIFORNIA CLASS PERIOD, DEFENDANT
6    engaged in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to
7    perform work off the clock during what should have been these employees' off-duty meal
8    periods. Additionally, DEFENDANT engaged in the practice of requiring PLAINTIFF and
9    CALIFORNIA CLASS Members to perform work off the clocking that DEFENDANT, as a
10   condition of employment, required these employees to wait in line and submit to mandatory
11   temperature checks for COVID-19 screening prior to clocking into DEFENDANT's
12   timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA
13   CLASS Members forfeited minimum wage, overtime wage compensation, and off-duty meal
14   breaks by working without their time being correctly recorded and without compensation at the
15   applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other
16   CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's
17   business records.

18       10.     In addition, State and federal law provides that employees must be paid overtime
19   at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA
20   CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific
21   elements of an employee's performance.

22       11.     The second component of PLAINTIFF's and other CALIFORNIA CLASS
23   Members' compensation was DEFENDANT's non-discretionary incentive program that paid
24   PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their
25   performance for DEFENDANT. The non-discretionary incentive program provided all
26   employees paid on an hourly basis with incentive compensation when the employees met the
27   various performance goals set by DEFENDANT. However, when calculating the regular rate

28

of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in an underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

12.   As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees are required by DEFENDANT to work ten (10) hours of work from time to time. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

13.   During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other

1   CALIFORNIA CLASS Members are periodically denied their proper rest periods by
2   DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage
3   Order requires employers to provide employees with off-duty rest periods, which the California
4   Supreme Court defined as time during which an employee is relieved from all work related
5   duties and free from employer control. In so doing, the Court held that the requirement under
6   California law that employers authorize and permit all employees to take rest period means that
7   employers must relieve employees of all duties and relinquish control over how employees
8   spend their time which includes control over the locations where employees may take their rest
9   period. Employers cannot impose controls that prohibit an employee from taking a brief walk -
10  five minutes out, five minutes back. Here, DEFENDANT's policy restricts PLAINTIFF and
11  other CALIFORNIA CLASS Members from unconstrained walks.

12        14.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
13  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses
14  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence
15  of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section
16  2802, employers are required to indemnify employees for all expenses incurred in the course
17  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall
18  indemnify his or her employee for all necessary expenditures or losses incurred by the employee
19  in direct consequence of the discharge of his or her duties, or of his or her obedience to the
20  directions of the employer, even though unlawful, unless the employee, at the time of obeying
21  the directions, believed them to be unlawful."

22        15.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
23  Members as a business expense, were required by DEFENDANT to use their own personal
24  cellular phones as a result of and in furtherance of their job duties as employees for
25  DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost
26  associated with the use of their personal cellular phones for DEFENDANT's benefit.
27  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

28

1   DEFENDANT to use their personal cellular phones to for work related issues. As a result, in
2   the course of their employment with DEFENDANT, PLAINTIFF and other members of the
3   CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not
4   limited to, costs related to the use of their personal cellular phones all on behalf of and for the
5   benefit of DEFENDANT.

6        16.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her
7   employees with an accurate itemized wage statement in writing showing, among other things,
8   gross wages earned and all applicable hourly rates in effect during the pay period and the
9   corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT
10   violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct
11   gross and net wages earned. Specifically, DEFENDANT violated Section 226 by failing to
12   identify the correct rates of pay and number of hours worked, including for the "Reg Rate OT,"
13   item of pay, which is an overtime wage payment. Also, PLAINTIFF and CALIFORNIA
14   CLASS Members are paid on an hourly basis. As such, the wage statements should reflect all
15   applicable hourly rates during the pay period and the total hours worked, and the applicable pay
16   period in which the wages were earned pursuant to California Labor Code Section 226(a). The
17   wage statements DEFENDANT provides to PLAINTIFF and other CALIFORNIA CLASS
18   Members fails to identify such information. More specifically, the wage statements fail to
19   identify the accurate total hours worked each pay period and the applicable pay period in which
20   the wages were earned.   Aside from the violations listed above, DEFENDANT failed to issue
21   to PLAINTIFF an itemized wage statement that lists all the requirements under California
22   Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and
23   the other members of the CALIFORNIA CLASS with wage statements which violated Cal.
24   Lab. Code § 226.

25        17.    Specifically as to PLAINTIFF, he was required to work off the clock during what
26   should have been his off duty meal period. Additionally, DEFENDANT required PLAINTIFF
27   to wait in line and submit to mandatory temperature checks for COVID-19 screening prior to

28

1    clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF
2    forfeited minimum wage, overtime wage compensation, and off-duty meal breaks by working
3    without his time being correctly recorded and without compensation at the applicable rates.
4    PLAINTIFF was also from time to time unable to take of duty meal and rest breaks and was not
5    fully relieved of duty his meal periods. PLAINTIFF was required to perform work as ordered
6    by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
7    break.  Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal
8    period from time to time in which he was required by DEFENDANT to work ten (10) hours of
9    work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation
10   and in accordance with DEFENDANT's corporate policy and practice.

11          18.    In August of 2020, and continuing throughout the rest of PLAINTIFF's
12   employment, PLAINTIFF engaged in protected activity by complaining to DEFENDANT of
13   DEFENDANT's illegal employment practices, including, but not limited to, DEFENDANT's
14   failure to properly maintain standard safety measures at PLAINTIFF's job site during the
15   Covid-19 pandemic.

16          19.    Subsequent to PLAINTIFF's participation in protective activity by complaining
17   to DEFENDANT of DEFENDANT's unlawful employment practices, DEFENDANT subjected
18   PLAINTIFF to adverse employment actions by retaliating against PLAINTIFF.  Specifically,
19   after PLAINTIFF complained to her supervisor(s) of DEFENDANT's unlawful employment
20   practices in August of 2020, DEFENDANT terminated PLAINTIFF's employment with
21   RESPONDENT in September of 2020. As a result, there is a causal link between the protected
22   activity and DEFENDANT's decision to terminate his employment, which is against public
23   policy. Furthermore, specifically as to PLAINTIFF, DEFENDANT failed to properly maintain
24   standard safety measures at his job site. As such, PLAINTIFF was placed in a constant risk of
25   harm while performing his job duties for DEFENDANT during the Covid - 19 pandemic.
26   PLAINTIFF informed DEFENDANT about such safety issues, but to no avail. As a direct
27   consequence of PLAINTIFF's complaints to DEFENDANT, DEFENDANT retaliated against
28

1  PLAINTIFF by terminating his employment in September of 2020.

2

3  **JURISDICTION AND VENUE**

4  20.  This Court has jurisdiction over this Action pursuant to California Code of Civil

5  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

6  action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

7  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

8  21.  Venue is proper in this Court pursuant to California Code of Civil Procedure,

9  Sections 395 and 395.5, because PLAINTIFF worked for DEFENDANT in this County and

10  resides in this County, and DEFENDANT (i) currently maintains and at all relevant times

11  maintained offices and facilities in this County and/or conducts substantial business in this

12  County, and (ii) committed the wrongful conduct herein alleged in this County against members

13  of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

14

15  **THE CALIFORNIA CLASS**

16  22.  PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

17  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

18  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

19  all individuals who are or previously were employed by DEFENDANT in California and

20  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

21  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

22  determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy

23  for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

24  ($5,000,000.00).

25  23.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

26  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

27  accordingly.

28

24.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

25.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record minimum wage, and overtime compensation for all time worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

26.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD and still failed to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member was paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice

10

1  applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-
2  wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§
3  17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

4      27.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for
5  any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
6  employee for all overtime worked at the applicable rate, as required by California Labor Code
7  §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the
8  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so
9  as to include all earnings in the overtime compensation calculation as required by California
10 Labor Code §§ 510, *et seq.*

11     28.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
12 CLASS Members is impracticable.

13     29.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California
14 law by:

15         (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code
16             §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in
17             place company policies, practices and procedures that failed to pay all
18             wages due the CALIFORNIA CLASS for all overtime worked, and failed
19             to accurately record the applicable rates of all overtime worked by the
20             CALIFORNIA CLASS;

21         (b)    Committing an act of unfair competition in violation of the California
22             Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
23             unlawfully, unfairly, and/or deceptively having in place a company policy,
24             practice and procedure that failed to correctly calculate overtime
25             compensation due to PLAINTIFF and the members of the CALIFORNIA
26             CLASS;

27         (c)    Committing an act of unfair competition in violation of the California

28

11

1          Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

2          failing to provide mandatory meal and/or rest breaks to PLAINTIFF and

3          the CALIFORNIA CLASS members;

4   (d)   Committing an act of unfair competition in violation of the California

5          Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

6          unlawfully, unfairly and deceptively having in place company policies,

7          practices and procedures that denied PLAINTIFF and the members of the

8          CALIFORNIA CLASS the correct minimum wages and otherwise

9          violated applicable law;

10   (e)   Committing an act of unfair competition in violation of the California

11         Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

12         violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

13         the CALIFORNIA CLASS members with necessary expenses incurred in

14         the discharge of their job duties.

15   30.   This Class Action meets the statutory prerequisites for the maintenance of a Class

16 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

17   (a)   The persons who comprise the CALIFORNIA CLASS are so numerous

18         that the joinder of all such persons is impracticable and the disposition of

19         their claims as a class will benefit the parties and the Court;

20   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

21         that are raised in this Complaint are common to the CALIFORNIA

22         CLASS will apply to every member of the CALIFORNIA CLASS;

23   (c)   The claims of the representative PLAINTIFF are typical of the claims of

24         each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

25         other members of the CALIFORNIA CLASS, was subjected to the

26         employment practices of DEFENDANT and is a non-exempt employee

27         paid on an hourly basis who has been subjected to the DEFENDANT's

28

practice and policy described herein.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)      The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

31..    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)      Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)      Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to

13

protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual

14

1    prosecution of this litigation;

2    2)    Class certification will obviate the need for unduly duplicative

3          litigation that would create the risk of:

4          A.    Inconsistent or varying adjudications with respect to

5                individual members of the CALIFORNIA CLASS, which

6                would establish incompatible standards of conduct for the

7                DEFENDANT; and/or,

8          B.    Adjudications with respect to individual members of the

9                CALIFORNIA CLASS would as a practical matter be

10               dispositive of the interests of the other members not parties

11               to the adjudication or substantially impair or impede their

12               ability to protect their interests;

13   3)    In the context of wage litigation because a substantial number of

14         individual CALIFORNIA CLASS Members will avoid asserting

15         their legal rights out of fear of retaliation by DEFENDANT, which

16         may adversely affect an individual's job with DEFENDANT or

17         with a subsequent employer, the Class Action is the only means to

18         assert their claims through a representative; and,

19   4)    A class action is superior to other available methods for the fair

20         and efficient adjudication of this litigation because class treatment

21         will obviate the need for unduly and unnecessary duplicative

22         litigation that is likely to result in the absence of certification of

23         this action pursuant to Cal. Code of Civ. Proc. § 382.

24   32.   This Court should permit this action to be maintained as a Class Action pursuant

25   to Cal. Code of Civ. Proc. § 382 because:

26         (a)   The questions of law and fact common to the CALIFORNIA CLASS

27               predominate over any question affecting only individual CALIFORNIA

28
                                    15

CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

16

CLASS ACTION COMPLAINT

1

2

3

4

          (i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

5      33.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

34.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB- CLASS Members is under five million dollars ($5,000,000.00).

35.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage and overtime compensation for the all time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

1  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the
2  CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

3      36.    DEFENDANT maintains records from which the Court can ascertain and identify
4  by name and job title, each of DEFENDANT's employees who have been intentionally
5  subjected to DEFENDANT's conduct as herein alleged. PLAINTIFF will seek leave to amend
6  the complaint to include any additional job titles of similarly situated employees when they have
7  been identified.

8      37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
9  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

10      38.    Common questions of law and fact exist as to members of the CALIFORNIA
11  LABOR SUB-CLASS, including, but not limited, to the following:

12      (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay
13      overtime wages and minimum wages to members of the CALIFORNIA
14      LABOR SUB-CLASS in violation of the California Labor Code and
15      California regulations and the applicable California Wage Order;

16      (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were
17      entitled to overtime compensation for overtime worked under the overtime
18      pay requirements of California law;

19      (c)    Whether DEFENDANT failed to accurately record the applicable
20      overtime rates for all overtime worked PLAINTIFF and the other
21      members of the CALIFORNIA LABOR SUB-CLASS;

22      (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other
23      members of the CALIFORNIA LABOR SUB-CLASS with legally
24      required uninterrupted thirty (30) minute meal breaks and rest periods;

25      (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other
26      members of the CALIFORNIA LABOR SUB-CLASS with accurate
27      itemized wage statements;

28

(f)   Whether DEFENDANT engaged in unfair competition by the above-listed conduct;

(g)   The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)   Whether DEFENDANT's conduct was willful.

39.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197, and 1197.1;

(c)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(e)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer

19

1                  must pay the employee all wages due without abatement, by failing to

2                  tender full payment and/or restitution of wages owed or in the manner

3                  required by California law to the members of the CALIFORNIA LABOR

4                  SUB-CLASS who have terminated their employment.

5      40.    This Class Action meets the statutory prerequisites for the maintenance of a Class

6  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

7           (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

8                  so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

9                  Members is impracticable and the disposition of their claims as a class

10                will benefit the parties and the Court;

11         (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

12                  that are raised in this Complaint are common to the CALIFORNIA

13                  LABOR SUB-CLASS and will apply to every member of the

14                CALIFORNIA LABOR SUB-CLASS;

15         (c)    The claims of the representative PLAINTIFF are typical of the claims of

16                  each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

17                  like all the other members of the CALIFORNIA LABOR SUB-CLASS,

18                  is a non-exempt employee who has been subjected to the DEFENDANT's

19                  practice and policy described herein.  PLAINTIFF sustained economic

20                  injury as a result of DEFENDANT's employment practices.  PLAINTIFF

21                  and the members of the CALIFORNIA LABOR SUB-CLASS were and

22                  are similarly or identically harmed by the same unlawful, deceptive, and

23                  unfair misconduct engaged in by DEFENDANT; and,

24         (d)    The representative PLAINTIFF will fairly and adequately represent and

25                  protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

26                retained counsel who are competent and experienced in Class Action

27                litigation.  There are no material conflicts between the claims of the

28

1   representative PLAINTIFF and the members of the CALIFORNIA

2   LABOR SUB-CLASS that would make class certification inappropriate.

3   Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

4   assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

5   41.   In addition to meeting the statutory prerequisites to a Class Action, this action is

6   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

7   (a)   Without class certification and determination of declaratory, injunctive,

8   statutory and other legal questions within the class format, prosecution of

9   separate actions by individual members of the CALIFORNIA LABOR

10   SUB-CLASS will create the risk of:

11   1)   Inconsistent or varying adjudications with respect to individual

12   members of the CALIFORNIA LABOR SUB-CLASS which

13   would establish incompatible standards of conduct for the parties

14   opposing the CALIFORNIA LABOR SUB-CLASS; or,

15   2)   Adjudication with respect to individual members of the

16   CALIFORNIA LABOR SUB-CLASS which would as a practical

17   matter be dispositive of interests of the other members not party to

18   the adjudication or substantially impair or impede their ability to

19   protect their interests.

20   (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

21   or refused to act on grounds generally applicable to the CALIFORNIA

22   LABOR SUB-CLASS, making appropriate class-wide relief with respect

23   to the CALIFORNIA LABOR SUB-CLASS as a whole in that

24   DEFENDANT failed to pay all wages due. Including the correct overtime

25   rate, for all overtime worked by the members of the CALIFORNIA

26   LABOR SUB-CLASS as required by law;

27   (c)   Common questions of law and fact predominate as to the members of the

28

21

CLASS ACTION COMPLAINT

CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by

DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

42.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and

23

equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## **FIRST CAUSE OF ACTION**

### **For Unlawful Business Practices**

### **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

### **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

43.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

1  Complaint.

2      44.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

3  Code § 17021.

4      45.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

5  unfair competition as any unlawful, unfair, or fraudulent business act or practice.   Section

6  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

7  competition as follows:

8  Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court

9  may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice

10  which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or

11  personal, which may have been acquired by means of such unfair competition.

12  Cal. Bus. & Prof. Code § 17203.

13      46.    By the conduct alleged herein, DEFENDANT has engaged and continues to

14  engage in a business practice which violates California law, including but not limited to, the

15  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

16  including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and 2802, for which

17  this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code

18  § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

19  competition, including restitution of wages wrongfully withheld.

20      47.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

21  unfair in that these practices violated public policy, are immoral, unethical, oppressive,

22  unscrupulous or substantially injurious to employees, and are without valid justification or

23  utility for which this Court should issue equitable and injunctive relief pursuant to Section

24  17203 of the California Business & Professions Code, including restitution of wages wrongfully

25  withheld.

26      48.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

27  fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other

28

1   members of the CALIFORNIA CLASS, minimum wages and overtime wages due for all time
2   worked, due to business practices that cannot be justified, pursuant to the applicable Cal. Lab.
3   Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§
4   17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant
5   to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

6       49.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,
7   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
8   other members of the CALIFORNIA CLASS to be underpaid during their employment with
9   DEFENDANT.

10      50.     By the conduct alleged herein, DEFENDANT's practices were also unfair and
11  deceptive in that DEFENDANT's policies, practices and procedures failed to provide
12  mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

13      51.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each
14  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty
15  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
16  for each workday in which a second off-duty meal period was not timely provided for each ten
17  (10) hours of work.

18      52.     PLAINTIFF further demands on behalf of himself and on behalf of each
19  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty
20  paid rest period was not timely provided as required by law.

21      53.     By and through the unlawful and unfair business practices described herein,
22  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the
23  other members of the CALIFORNIA CLASS and has deprived them of valuable rights and
24  benefits guaranteed by law and contract, all to the detriment of these employees and to the
25  benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors
26  who comply with the law.

27      54.     All the acts described herein as violations of, among other things, the Industrial
28

1  Welfare Commission Wage Orders, the California Code of Regulations, and the California

2  Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

3  and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business

4  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

5      55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

6  and do, seek such relief as may be necessary to restore to them the money and property which

7  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

8  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

9  unfair business practices, including earned but unpaid wages for all overtime worked.

10      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

11  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

12  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

13  engaging in any unlawful and unfair business practices in the future.

14      57.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

15  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

16  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

17  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

18  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

19  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

20  engage in these unlawful and unfair business practices.

21

22              **SECOND CAUSE OF ACTION**

23            **For Failure To Pay Overtime Compensation**

24          **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

25     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                        **Defendants)**

27      58.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

28                          27

1    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
2    of this Complaint.

3        59.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
4    bring a claim for DEFENDANT's willful and intentional violations of the California Labor
5    Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to
6    accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other
7    members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly
8    compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,
9    including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in
10   any workweek.

11       60.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
12   public policy, an employer must timely pay its employees for all hours worked.

13       61.    Cal. Lab. Code § 510 further provides that employees in California shall not be
14   employed more than eight (8) hours per workday and/or more than forty (40) hours per
15   workweek unless they receive additional compensation beyond their regular wages in amounts
16   specified by law.

17       62.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
18   including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.
19   Code § 1198 further states that the employment of an employee for longer hours than those
20   fixed by the Industrial Welfare Commission is unlawful.

21       63.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and
22   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by
23   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,
24   including overtime work. DEFENDANT maintained a wage practice of paying PLAINTIFF and
25   the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct
26   amount of overtime worked and correct applicable overtime rate for the amount of overtime
27   they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and

28
                                            28

1    intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and

2    the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact

3    failed to pay these employees the correct applicable overtime wages for all overtime worked.

4         64.   DEFENDANT's unlawful wage and hour practices manifested, without

5    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6    implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

7    other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including,

8    the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

9    workweek.

10        65.   In committing these violations of the California Labor Code, DEFENDANT

11   inaccurately calculated the amount of overtime worked and the applicable overtime rates and

12   consequently underpaid the actual time worked by PLAINTIFF and other members of the

13   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the

14   payment of all earned wages, and other benefits in violation of the California Labor Code, the

15   Industrial Welfare Commission requirements and other applicable laws and regulations.

16        66.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

17   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

18   receive full compensation for all overtime worked.

19        67.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt

20   from the overtime requirements of the law. None of these exemptions are applicable to

21   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

22   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

23   subject to a valid collective bargaining agreement that would preclude the causes of action

24   contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of

25   himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of

26   non-negotiable, non-waiveable rights provided by the State of California.

27        68.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

28

1  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

2  they are entitled to, constituting a failure to pay all earned wages.

3        69.     DEFENDANT failed to accurately pay PLAINTIFF and the other members of the

4  CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is in excess

5  of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198,

6  even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

7  are required to work, and do in fact work, overtime as to which DEFENDANT failed to

8  accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's

9  business records and witnessed by employees.

10        70.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

11  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

12  CLASS for the true time they work, PLAINTIFF and the other members of the CALIFORNIA

13  LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts

14  which are presently unknown to them and which will be ascertained according to proof at trial.

15        71.     DEFENDANT knew or should have known that PLAINTIFF and the other

16  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

17  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

18  to not pay employees for their labor as a matter of company policy, practice and procedure, and

19  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

20  of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

21        72.     In performing the acts and practices herein alleged in violation of California labor

22  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

23  all time worked and provide them with the requisite overtime compensation, DEFENDANT

24  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

25  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

26  disregard for their legal rights, or the consequences to them, and with the despicable intent of

27  depriving them of their property and legal rights, and otherwise causing them injury in order

28

1   to increase company profits at the expense of these employees.

2        73.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

3   therefore request recovery of all unpaid wages, including overtime wages, according to proof,

4   interest, statutory costs, as well as the assessment of any statutory penalties against

5   DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

6   statutes. To the extent minimum and/or overtime compensation is determined to be owed to the

7   CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

8   DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

9   individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

10  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

11  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.

12  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to

13  seek and recover statutory costs.

14

15              **THIRD CAUSE OF ACTION**

16          **For Failure To Pay Minimum Wages**

17       **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

18      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

19              **and Against All Defendants)**

20       74.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

21  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

22  paragraphs of this Complaint..

23       75.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

24  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

25  California Labor Code and the Industrial Welfare Commission requirements for

26  DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and

27  CALIFORNIA CLASS Members.

28                         31

1  76. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

2 public policy, an employer must timely pay its employees for all hours worked.

3  77. Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by

4 the commission is the minimum wage to be paid to employees, and the payment of a less

5 wage than the minimum so fixed in unlawful.

6  78. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

7 wages, including minimum wage compensation and interest thereon, together with the costs

8 of suit.

9  79. DEFENDANT maintained a wage practice of paying PLAINTIFF and the

10 other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

11 amount of time they work, including time spent engaging in work tasks while off the clock.

12 To the extent that these off-the-clock job tasks do not qualify for overtime premium

13 payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in

14 violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.  As set forth herein,

15 DEFENDANT's policy and practice was to unlawfully and intentionally deny timely

16 payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

17 SUB-CLASS.

18  80. DEFENDANT's unlawful wage and hour practices manifested, without

19 limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

20 implementing a policy and practice that denied accurate compensation to PLAINTIFF and

21 the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

22 wage pay.

23  81. In committing these violations of the California Labor Code, DEFENDANT

24 inaccurately calculated the correct time worked and consequently underpaid the actual time

25 worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

26 DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

27 other benefits in violation of the California Labor Code, the Industrial Welfare Commission

28

1  requirements and other applicable laws and regulations.

2      82.    As a direct result of DEFENDANT's unlawful wage practices as alleged

3  herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

4  not receive the correct minimum wage compensation for their time worked for

5  DEFENDANT.

6      83.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

7  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

8  Members to work without paying them for all the time they were under DEFENDANT's

9  control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

10  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

11  that they were entitled to, constituting a failure to pay all earned wages.

12      84.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

13  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

14  CLASS for the true time they work, PLAINTIFF and the other members of the

15  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

16  economic injury in amounts which are presently unknown to them and which will be

17  ascertained according to proof at trial.

18      85.    DEFENDANT knew or should have known that PLAINTIFF and the other

19  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

20  time worked.  DEFENDANT  elected, either through intentional malfeasance or gross

21  nonfeasance, to not pay employees for their labor as a matter of company policy, practice

22  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

23  and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

24  wages for their time worked.

25      86.    In performing the acts and practices herein alleged in violation of California

26  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

27  CLASS for all time worked and provide them with the requisite compensation,

28

33

1   DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

2   toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

3   with a conscious of and utter disregard for their legal rights, or the consequences to them,

4   and with the despicable intent of depriving them of their property and legal rights, and

5   otherwise causing them injury in order to increase company profits at the expense of these

6   employees.

7          87.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

8   CLASS therefore request recovery of all unpaid wages, according to proof, interest,

9   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

10  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

11  extent minimum wage compensation is determined to be owed to the CALIFORNIA

12  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

13  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

14  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

15  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

16  conduct as alleged herein was willful, intentional and not in good faith.  Further,

17  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

18  and recover statutory costs.

19

20                    **FOURTH CAUSE OF ACTION**

21              **For Failure to Provide Required Meal Periods**

22                   **[Cal. Lab. Code §§ 226.7 & 512 ]**

23      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                             **Defendants)**

25         88.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

26  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

27  paragraphs of this Complaint.

28                              34

89.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules and DEFENDANT's loss prevention inspection policy, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

90.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

91.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

///

1

2

3

4

5

6

7

8

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

92.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

93.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

94.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

95.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

1  suit.

2

3  ## SIXTH CAUSE OF ACTION

4  **For Failure to Provide Accurate Itemized Statements**

5  **[Cal. Lab. Code § 226]**

6  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

7  **Defendants)**

8      96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

9  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

10  of this Complaint.

11      97.    Cal. Labor Code § 226 provides that an employer must furnish employees with

12  an "accurate itemized" statement in writing showing:

13      (1) gross wages earned,

14      (2) total hours worked by the employee, except for any employee whose compensation

15  is solely based on a salary and who is exempt from payment of overtime under

16  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

17  Commission,

18      (3) the number of piecerate units earned and any applicable piece rate if the employee

19  is paid on a piece-rate basis,

20      (4) all deductions, provided that all deductions made on written orders of the employee

21  may be aggregated and shown as one item,

22      (5) net wages earned,

23      (6) the inclusive dates of the period for which the employee is paid,

24      (7) the name of the employee and his or her social security number, except that by

25  January 1, 2008, only the last four digits of his or her social security number or an

26  employee identification number other than a social security number may be shown on

27  the itemized statement,

28

1    (8) the name and address of the legal entity that is the employer, and

2    (9) all applicable hourly rates in effect during the pay period and the corresponding

3    number of hours worked at each hourly rate by the employee.

4        98.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

5    employees with an accurate itemized wage statement in writing showing, among other things,

6    gross wages earned and all applicable hourly rates in effect during the pay period and the

7    corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT

8    violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct

9    gross and net wages earned. Specifically, DEFENDANT violated Section 226 by failing to

10   identify the correct rates of pay and number of hours worked, including for the "Reg Rate OT,"

11   item of pay, which is an overtime wage payment.  Also, PLAINTIFF and CALIFORNIA

12   LABOR SUB-CLASS Members are paid on an hourly basis.  As such, the wage statements

13   should reflect all applicable hourly rates during the pay period and the total hours worked, and

14   the applicable pay period in which the wages were earned pursuant to California Labor Code

15   Section 226(a).  The wage statements DEFENDANT provides to PLAINTIFF and other

16   CALIFORNIA LABOR SUB-CLASS Members fails to identify such information. More

17   specifically, the wage statements fail to identify the accurate total hours worked each pay period

18   and the applicable pay period in which the wages were earned.    Aside from the violations

19   listed above, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists

20   all the requirements under California Labor Code 226 *et seq*.  As a result, from time to time

21   DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA LABOR

22   SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

23       99.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

26   expended calculating the correct rates for the overtime worked and the amount of employment

27   taxes which were not properly paid to state and federal tax authorities.  These damages are

28

1  difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

2  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8  ## SEVENTH CAUSE OF ACTION

9  **For Failure to Pay Wages When Due**

10  **[Cal. Lab. Code §§ 201, 202, 203]**

11  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12  **Defendants)**

13      100.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14  reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

15  this Complaint.

16      101.   Cal. Lab. Code § 200 provides that:

17      As used in this article:

18  (a) "Wages" includes all amounts for labor performed by employees of every
19  description, whether the amount is fixed or ascertained by the standard of time,
   task, piece, Commission basis, or other method of calculation.

20  (b) "Labor" includes labor, work, or service whether rendered or performed under
   contract, subcontract, partnership, station plan, or other agreement if the labor to
21  be paid for is performed personally by the person demanding payment.

22      102.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

23  an employee, the wages earned and unpaid at the time of discharge are due and payable

24  immediately."

25      103.   Cal. Lab. Code § 202 provides, in relevant part, that:

26  If an employee not having a written contract for a definite period quits his or her
   employment, his or her wages shall become due and payable not later than 72
27  hours thereafter, unless the employee has given 72 hours previous notice of his
   or her intention to quit, in which case the employee is entitled to his or her wages

28  39

1   at the time of quitting. Notwithstanding any other provision of law, an employee
    who quits without providing a 72-hour notice shall be entitled to receive payment
2   by mail if he or she so requests and designates a mailing address. The date of the
    mailing shall constitute the date of payment for purposes of the requirement to
3   provide payment within 72 hours of the notice of quitting.

4       104.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

5   CLASS Members' employment contract.

6       105.    Cal. Lab. Code § 203 provides:

7   If an employer willfully fails to pay, without abatement or reduction, in
    accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
8   who is discharged or who quits, the wages of the employee shall continue as a
    penalty from the due date thereof at the same rate until paid or until an action
9   therefor is commenced; but the wages shall not continue for more than 30 days.

10      106.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

11  Members has terminated and DEFENDANT has not tendered payment of wages, to these

12  employees who missed meal and rest breaks, as required by law.

13      107.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

14  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

15  PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time

16  of termination for all employees who terminated employment during the CALIFORNIA

17  LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due,

18  plus interest and statutory costs as allowed by law.

19

20                    **EIGHTH CAUSE OF ACTION**

21          **For Failure to Reimburse Employees for Required Expenses**

22                      **[Cal. Lab. Code § 2802]**

23      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                          **Defendants)**

25      108.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

26  reallege and incorporate by this reference, as though fully set forth herein, the prior

27  paragraphs of this Complaint.

28                              40

109.   Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

110.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones in order to perform work related job tasks. DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

111.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

///

///

**NINTH CAUSE OF ACTION**

**Wrongful Termination In Violation of Public Policy**

**(By PLAINTIFF Against All Defendants)**

112.    PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

113.    Subsequent to PLAINTIFF's participation in protective activity by complaining to DEFENDANT of DEFENDANT's unlawful employment practices, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating against PLAINTIFF.  Specifically, after PLAINTIFF complained to his supervisor(s) of DEFENDANT's unlawful employment practices in August of 2020, DEFENDANT terminated PLAINTIFF's employment with RESPONDENT in September of 2020. As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate his employment, which is against public policy. Furthermore, specifically as to PLAINTIFF, DEFENDANT failed to properly maintain standard safety measures at his job site. As such, PLAINTIFF was placed in a constant risk of harm while performing his job duties for DEFENDANT during the Covid - 19 pandemic. PLAINTIFF informed DEFENDANT about such safety issues, but to no avail.  As a direct consequence of PLAINTIFF's complaints to DEFENDANT, DEFENDANT retaliated against PLAINTIFF by terminating his employment in September of 2020.

114.    PLAINTIFF raised complaints of illegality while he worked for DEFENDANT and was believed to be willing to raise complaints, and DEFENDANT retaliated against him by taking adverse employment actions, including employment termination, against him.

115.    As a proximate result of DEFENDANT'S willful, knowing, and intentional, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

116.    As a result of DEFENDANT'S adverse employment actions against PLAINTIFF, PLAINTIFF has suffered general and special damages in sums according to proof.

117.    DEFENDANT'S misconduct was committed intentionally, in a malicious,

1  oppressive manner, and fraudulent manner entitling PLAINTIFF to punitive damages against
2  DEFENDANT.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum wages and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)    Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

43

1   D) The greater of all actual damages or fifty dollars ($50) for the initial pay period

2     in which a violation occurs and one hundred dollars ($100) per each member of

3     the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

4     period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

5     an award of costs for violation of Cal. Lab. Code § 226;

6   E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and

7     1197;

8   F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

9     LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

10     costs of suit; and,

11   G) The wages of all terminated employees from the CALIFORNIA LABOR

12     SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

13     until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

14 3. On behalf of PLAINTIFF for the Ninth cause of action:

15   A) Compensatory damages, according to proof at trial, but in excess of $25,000.

16   B) Special and General damages according to proof;

17   C) Statutory damages, penalties and attorney's fees;

18   D) For punitive damages in an amount necessary to make an example of and to

19     punish DEFENDANT and deter DEFENDANT from engaging in future similar

20     conduct;

21   E) For loss of earnings (both past and future); and,

22   F) For interest at the legal rate in an amount according to proof.

23 4. On all claims:

24   A) An award of interest, including prejudgment interest at the legal rate;

25   B) Such other and further relief as the Court deems just and equitable; and,

26   C) An award of penalties, attorneys' fees and cost of suit, as allowable under the

27     law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or

28

1          §2802.

2

3     Dated: November 5, 2020              BLUMENTHAL NORDREHAUG BHOWMIK
                                          DE BLOUW LLP
4

5                                         By: _____

6                                             Norman B. Blumenthal
                                              Attorneys for PLAINTIFF
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         45

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: November 5, 2020          BLUMENTHAL NORDREHAUG BHOWMIK
                                 DE BLOUW LLP


By: _____
     Norman B. Blumenthal
     Attorneys for PLAINTIFF

46